

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Bldg*
*601 D Street, N.W.*
*Washington, D.C. 20004*

July 19, 2024

Robert M. Cary
Williams & Connolly LLP
680 Maine Avenue SW
Washington, D.C. 20024
RCary@wc.com

      Re:    United States v. Rudy's Performance Parts, Inc., dba Rudy's Diesel Performance, and Rudy's Diesel Performance and Offroad
              24-cr-336 (TNM)

Dear Mr. Cary:

      This letter sets forth the full and complete plea offer to your client, Rudy's Performance Parts, Inc., doing business as Rudy's Diesel Performance, and Rudy's Diesel Performance and Offroad (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia and the Department of Justice's Environmental Crimes Section (hereinafter collectively referred to as "the Government" or "these Offices"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of this Agreement are as follows:

      1.    **Charges and Statutory Penalties**

      Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to violate the Clean Air Act, 42 U.S.C. § 7413(c)(2)(C) in violation of Title 18, United States Code, Section 371.

      Your client understands that conspiring to violate the Clean Air Act under 18 U.S.C. § 371 carries a maximum sentence of $500,000 or twice the gross gain or loss from the offense, pursuant to 18 U.S.C. § 3571(c)(3) and (d); a five-year period of organizational probation; restitution as provided by law; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $400 per felony conviction to the Clerk of the United States District Court for the District of Columbia. The parties agree that as a special condition of probation, the defendant shall be required to fully comply with the civil Consent Decree entered into by the defendant and the Department of Justice ("Consent Decree"), attached hereto as Exhibit A. Any reports or notifications required by the Consent Decree or this Agreement shall be submitted simultaneously via electronic means by the defendant to all undersigned government counsel. The defendant agrees to a three-year period of organizational probation; however, if the defendant has failed to pay a fine or any other financial obligations, defendant agrees it will remain on probation beyond the three-year period until all payments are made, or as may be ordered by the Court. Defendant further agrees that probation will not be terminated prior to the defendant fully paying all financial obligations, including any fine or restitution ordered by the Court.

2. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3. **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by these Offices for any non-violent criminal offense of which these Offices were aware prior to the execution of this Agreement.

After the entry of your client's plea of guilty to the offense identified in paragraph 1 above, your client will not be charged by these Offices with any non-violent criminal offense in violation of federal or District of Columbia law about which these Offices were made aware prior to the execution of this Agreement.

4. **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."). The defendant understands and acknowledges that the Sentencing Guidelines, including Chapter Eight, which provides guidance for the sentencing of corporate defendants, will be considered by the Court except U.S.S.G. §§ 8C2.2 through 8C2.9, which do not apply to cases involving environmental crimes. Instead, pursuant to U.S.S.G. §§ 8C2.10, the fine is to be determined under 18 U.S.C. §§ 3553 and 3572. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation.

Because the maximum fine in this case is determined under the Alternative Fines Act, 18 U.S.C. § 3571(d), which provides for a fine of up to twice the gross pecuniary gain or loss, the

parties have agreed to jointly recommend, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), a fine of $2,400,000, to be paid in three installments, as follows:
  a) The first payment, of $800,000, will be made within 30 days of sentencing.
  b) The second payment, of $800,000, will be made within 18 months of sentencing.
  c) The third payment, of $800,000, will be made within 35 months of sentencing.

The defendant agrees that this fine would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. The parties agree and stipulate that the fine amount is consistent with 18 U.S.C. § 3571.

The defendant agrees that it will not seek to discharge the obligation to pay any part of this criminal fine in any bankruptcy proceeding. The defendant acknowledges that this criminal fine will be in addition to the $7,000,000 civil penalty amount it will be obligated to pay pursuant to the civil Consent Decree.[1]

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement.

5. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the Court, even if those calculations differ from any Estimated Guidelines Range that may be calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein, if any.

---

[1] As set forth in the Consent Decree, ¶9(c), because the civil settlement "is based on Defendants' collective limited ability to pay, if the courts in the related criminal proceedings against the Defendants for alleged violations of the Clean Air Act prior to July 1, 2019, including *United States of America v. Aaron Lucas Roskin Rudolf*, No. 23-CR-000391 (D.D.C.), impose criminal fines on Defendants that collectively exceed or are below $3,000,000, the civil penalty payments in Paragraph 9.a.ii-iii above shall be reduced or raised by the difference between the total of the federal criminal fines amount and $3,000,000."

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6. **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the sentence shall constitute a breach of this Agreement.

7. **Waivers**

   a. **Venue**

Your client waives any challenge to venue in the District of Columbia.

   b. **Statute of Limitations**

Your client agrees to waive any statute of limitations or other time-related objections, motions, and defenses that it might have with respect to the conduct set forth in the attached Statement of Offense and the charge it is pleading guilty to pursuant to this Plea Agreement.

Additionally, any prosecutions (including those to which the defendant is not pleading guilty) that are not time-barred by the applicable statute of limitations as of the date of this Plea Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any

statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this Plea Agreement.

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.

c.  **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights[2] afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forgo the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

---

[2] The rights addressed and waived here are inclusive of all defendants; some do not apply to corporate defendants.

d.  **Appeal Rights**

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

e.  **Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

8.  **Use of Self-Incriminating Information**

The Government agrees pursuant to U.S.S.G. § 1B1.8(a), that self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, and about which the Government had no prior knowledge or insufficient proof in the absence of your client's admissions, will not be used by the Government at the time of sentencing for the purpose of determining the applicable guideline range except to the extent that such admissions are set forth in the attached Statement of Offense. However, all self-incriminating information provided by your client may be used for the purposes and in accordance with the terms identified in U.S.S.G. § 1B1.8(b).

9.  **Restitution and Other Financial Obligations**

These Offices agree that restitution is not appropriate in this case. Notwithstanding, your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A at the time of sentencing.

Your client also understands that the Court may order discretionary restitution where provided by law, including under 18 U.S.C. § 3663.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.flpdocs.gov (usadc-flpdocs@doj.gov). Your client will complete and electronically provide the standard financial disclosure form to usadc.flpdocs.gov (usadc-flpdocs@doj.gov) 30 days following the plea hearing, with a copy to undersigned counsel. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of any court action related to the course of conduct underlying this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by a court. In addition, your client promises to make no such transfers in the future for such purpose.

10. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free

from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

11. **Corporate Authorization**

The defendant represents that it is authorized to enter into this Agreement. At the time of the signing, the defendant shall provide to the United States a written corporate resolution, to be filed with the Court, in the form of notarized legal documents certifying that the defendant is authorized to enter into and comply with all the provisions of this Agreement. The resolution shall certify that all corporate formalities have been observed. A duly authorized corporate officer will attend the entry of plea and sentencing hearings.

12. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, an Assistant United States Attorney for the District of Columbia, and an attorney for the Environmental Crimes Section.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia, and the Environmental Crimes Section of the U.S. Department of Justice. This Agreement does not bind the Civil Division of these Offices or any other United States Attorney's Office, nor

does it bind any other sections within the Environment and Natural Resources Division of the U.S. Department of Justice, or any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me.

Sincerely yours,

MATTHEW M. GRAVES
United States Attorney

By: _____
Jennifer Leigh Blackwell
Assistant United States Attorney


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

By: _____
Krishna S. Dighe
Senior Counsel
Environmental Crimes Section

By: _____
Stephen J. Foster
Trial Attorney
Environmental Crimes Section

## DEFENDANT'S ACCEPTANCE

I have been authorized by a corporate resolution of defendant Rudy's Performance Parts, Inc., doing business as Rudy's Diesel Performance, and Rudy's Diesel Performance and Offroad ("Rudy's") to sign this plea agreement. On behalf of Rudy's, I have read every page of this Agreement and have discussed it with Rudy's attorney, Robert M. Cary. Rudy's fully understands this Agreement and agrees to it without reservation. Rudy's does this voluntarily, intending to be legally bound. No one has threatened or forced Rudy's in any way to enter this Agreement. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. Rudy's is pleading guilty because Rudy's is in fact guilty of the offense identified in this Agreement.

Rudy's reaffirms that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with its decision to plead guilty except those set forth in this Agreement. Rudy's is satisfied with the legal services provided by its attorney in connection with this Agreement and matters related to it.

Date: 7/22/24

Rudy's Performance Parts, Inc.
Defendant
By Owner/President/Chief Executive Officer and authorized representative, Aaron Lucas Roskin Rudolf

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Rudy's Performance Parts, Inc., doing business as Rudy's Diesel Performance, and Rudy's Diesel Performance and Offroad, and fully discussed the provisions of this Agreement with the authorized representative(s) of my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9/10/24

Robert M. Cary
Attorney for Defendant